CASE NO: 23-10753-CC

_____

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

ANA ECKART,

Appellant,

v.

ALLSTATE NORTHBROOK INDEMNITY COMPANY,

Appellee.

_____

On Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
Case No. 1:22-cv-00281-JPB

_____

**BRIEF OF APPELLEE ALLSTATE NORTHBROOK INDEMNITY
COMPANY**

_____

Christopher B. Freeman
Georgia Bar No. 140867
Jason A. Morris
Georgia Bar No. 608298
Roben S. West
Georgia Bar No. 464795
CARLTON FIELDS, P.A.
One Atlantic Center, Suite 3000
1201 West Peachtree Street, N.E.
Atlanta, GA  30309
Telephone: (404) 815-3400

*Counsel for Appellee Allstate Northbrook Indemnity Company*

## **CERTIFICATE OF INTERESTED PERSONS**
## **AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1 through Eleventh Circuit Rule 26.1-5, counsel for Appellee Allstate Northbrook Indemnity Company hereby certifies that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party in this case:

(1)     Allstate Insurance Company

(2)     Allstate Insurance Holdings, LLC

(3)     Allstate Northbrook Indemnity Company

(4)     Boulee, The Honorable J.P.

(5)     Carlton Fields, P.A.

(6)     Eckart, Ana E. Medina

(7)     Freeman, Christopher B.

(8)     Hamil, The Honorable R. Timothy

(9)     Johnson, Jason

(10)    Lamb, Robert W.

(11)    Morris, Jason

(12)  <u>Perrotta, Anthony</u>

(13)  <u>Perrotta, Lamb, & Johnson, LLC</u>

(14)  <u>The Allstate Corporation (NYSE: ALL)</u>

(15)  <u>West, Roben S.</u>

Respectfully submitted, this 14th day of June 2023.

CARLTON FIELDS, P.A.

*/s/ Roben S. West*
Christopher B. Freeman
Georgia Bar No. 140867
Jason A. Morris
Georgia Bar No. 608298
Roben S. West
Georgia Bar No. 464795
One Atlantic Center, Suite 3000
1201 West Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone: (404) 815-3400
cfreeman@carltonfields.com
jmorris@carltonfields.com
rwest@carltonfields.com

*Counsel for Appellee Allstate Northbrook
Indemnity Company*

# STATEMENT REGARDING ORAL ARGUMENT

Appellee does not request oral argument.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement ................C-1

Statement Regarding Oral Argument ...................................................................... i

Table of Contents.................................................................................................... ii

Table of Citations and Authorities ....................................................................... iii

Statement of Jurisdiction........................................................................................ v

Statement of the Issues............................................................................................1

Statement of the Case..............................................................................................2

    I.  Course Of Proceedings And Disposition Below. ........................................2

    II. Statement of Facts ......................................................................................4

Statement of the Argument .....................................................................................8

Argument.................................................................................................................9

    I.  The District Court Properly Determined That Eckart
       Lacked Standing To Bring A Direct Action Against Allstate. ...................9

    II. The District Court Applied The Correct Standard In Dismissing
       Eckart's Complaint With Prejudice. ........................................................13

       A.  The District Court Properly Considered the Exhibits
           Attached to Allstate's Motion to Dismiss...........................................13

       B.  The District Court Correctly Found That Eckart's Complaint
           Failed to State Claims for Relief and Instead Contained
           Mere General or Conclusory Allegations. .........................................14

Conclusion..............................................................................................................18

# TABLE OF CITATIONS AND AUTHORITIES

**Page(s)**

**Cases**

*Basson v. Mortgage Elec. Registration Sys., Inc.*,
  741 Fed. App'x 770 (11th Cir. 2018) (per curiam)...........................14

*Am. Dental Ass'n v. Cigna Corp.*,
  605 F.3d 1283 (11th Cir. 2010)........................................15

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.*,
  116 F.3d 1364 (11th Cir. 1997) (per curiam)....................................13

*U.S. ex rel. Clausen v. Lab'y Corp. of Am.*,
  198 F.R.D. 560 (N.D. Ga. 2000), *aff'd*, 290 F.3d 1301 (11th Cir.
  2002) .............................................................................16

*Davila v. Delta Air Lines, Inc.*,
  326 F.3d 1183 (11th Cir. 2003).................................................16, 17

*Giacomantonio v. Romagnoli*,
  701 S.E.2d 510 (Ga. Ct. App. 2010) .............................................11

*Griffin Indus., Inc. v. Irwin*,
  496 F.3d 1189 (11th Cir. 2007).................................................15, 16

*Hartford Ins. Co. v. Henderson & Son, Inc.*,
  371 S.E.2d 401 (Ga. 1988).......................................................10

*Oyedeji v. Landmark at Bella Vista, L.P.*,
  521 F. Supp. 3d 1304 (N.D. Ga. 2021)...........................................14

*Pepper v. Prime Rate Premium Finance Corp.*,
  No. 1:17-cv-03871-MLB, 2019 WL 6272874 (N.D. Ga. Nov. 25,
  2019) .......................................................................14, 16, 17

*Tiller v. State Farm Mutual Automobile Insurance Company*,
  549 Fed. App'x 849 (11th Cir. 2013) (per curiam)....................................11, 12

**Statutes**

18 U.S.C. § 1961, *et seq*...........................................................v, 2

28 U.S.C. § 1291..............................................................................v

28 U.S.C. § 1331..............................................................................v

O.C.G.A. § 16-14-1, *et seq.*..........................................................2

O.C.G.A. §§ 46-7-12(e), 20-2-1092, *et seq.* ...............................12

## Other Authorities

Fed. R. Civ. P. 9.......................................................................*passim*

Fed. R. Civ. P. 12(b)(6)..............................................................13, 14

## STATEMENT OF JURISDICTION

The United States District Court for the Northern District of Georgia had subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331, because it presented a federal question by way of the cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") at 18 U.S.C. § 1961 et. seq., which is not the subject of the instant appeal.

The United States Court of Appeals for the Eleventh Circuit has jurisdiction of this appeal under 28 U.S.C. § 1291 because it is an appeal from a final decision of the United States District Court for the Northern District of Georgia that was entered on February 17, 2023. Appellant timely filed her Notice of Appeal on March 8, 2023.

## STATEMENT OF THE ISSUES

I.     Whether the District Court erred in holding that Appellant could not maintain a direct action against Allstate when there is no unsatisfied judgment against Allstate's insured and no applicable statute or a policy provision permitting a direct action.

II.    Whether the District Court applied the correct standard in dismissing Appellant's Complaint.

**STATEMENT OF THE CASE**

## I.    COURSE OF PROCEEDINGS AND DISPOSITION BELOW

While Appellant Ana Eckart ("Eckart") has accurately set forth certain portions of the course of proceedings and disposition below, the Court would benefit from some additional context. (*See generally*, Appellant Brief, pp. 2–4.) To be clear, this appeal is the culmination of Eckart's second bite at the apple. (Dkt. 8-1, p. 1.)[1] Indeed, Eckart brought a nearly identical action over two years ago in Georgia state court alleging violations of O.C.G.A. § 16-14-1 *et seq.*, which is the Georgia Racketeer Influenced Corrupt Organizations Act ("Georgia RICO"), as well as fraud in the inducement and rescission of the settlement agreement following a car accident between Eckart and Allstate's insured.  (*Id.* at 6.)  She sought general, special, and punitive damages directly from Allstate. (*Id.* at 6.) Allstate timely answered the Complaint and simultaneously moved to dismiss. (*Id.*) Eckart voluntarily dismissed the action as the dismissal motion sat with the Court *fully briefed* and on the eve of its hearing. (*Id.*)

Rather than await a ruling in the state court, Eckart elected to re-litigate the same case in a new venue, regurgitating largely the same allegations and tacking on a new claim under the federal Racketeer Influenced Corrupt Organizations Act, 18

---

[1] Pursuant to 11th Cir. R. 28-5, "Dkt." refers to citations to the District Court's docket. The page numbers are references to the blue court-generated page numbers appearing at the top of the document.

U.S.C. § 1961 *et seq.* ("RICO"), apparently to create federal question jurisdiction.

(*Id.*) The District Court granted Allstate's Motion to Dismiss and dismissed the case,

agreeing with Allstate that Eckart's entire case was not only an impermissible direct

action against a liability insurer, but also based on a complaint that failed to state a

claim for relief on account of inadequate pleading. (*See generally*, Dkt. 16.)

Specifically, the District Court found that with respect to her fraud in the inducement

claim, and in turn her rescission claim, Eckart only put forth "conclusory assertions"

and "mere[] recit[ations] of the elements[.]" (*Id.* at 16.) After noting the heightened

pleading standards of Fed. R. Civ. P. 9(b), the District Court found that without any

facts in support, Eckart's allegations were not only insufficient in the first instance,

but also contradicted by the very documents on which her fraud claim was based.

(*Id.* at 15–17.)

Eckart now appeals that dismissal, but only as to her state law claims for fraud

in the inducement and rescission. (Appellant. Br. at 2.) She does not challenge the

propriety of the District Court's dismissal of her alleged state and federal RICO

claims. (*Id.*)

Throughout the entirety of both the prior state action, and the instant one,

Eckart has never pled breach of contract. Rather, as outlined above, both actions

have sounded completely in fraud and maintained that Eckart rescinded the contract

well before she filed any litigation against Allstate. (*See also* Dkt. 1, ¶ 71.)

## II.   STATEMENT OF FACTS

As it currently stands, this case has been stripped of the single federal question on which subject matter jurisdiction was based, given that Eckart does not challenge the District Court's dismissal of her federal RICO claim. (Appellant Br. at 2.) Thus, aside from a determination of whether the District Court applied the correct federal standard in dismissing Eckart's Complaint for failure to state a claim, this Court is left with an appeal that has essentially been reduced to the application of state law in order to determine whether the District Court correctly found Eckart's lawsuit to be an impermissible direct action against an insurer. (*Id.*)

This appeal arises out of a January 8, 2020 car accident involving Eckart and a driver insured under an Allstate-issued automobile liability insurance policy. (Dkt. 16, p. 4.) Following the collision, Allstate began adjusting Eckart's bodily injury claim, eventually offering to settle, pursuant to a settlement agreement and release of claims (the "Agreement"). (*Id.*; Dkt. 9-1, pp. 2–3.) At the time it sent the Agreement, Allstate communicated to Eckart that, although the total value of her claim was $16,378.00, "$15,818.00 will be paid to the medical providers; $30.00 will go to [Eckart] for the prescriptions; $280.00 will go to [Eckart] for the time missed from work; and $250.00 will go to [Eckart] for personal compensation." (Dkt. 16, p. 4 (bullet points omitted); Dkt. 9-2, p.2.) Thus, Allstate was careful to note the breakdown of costs, and had ***always*** represented to Eckart that she would

only be personally entitled to a total of $560.00 for her out-of-pocket prescription costs, lost wages, and personal compensation, with the remainder to be paid to her medical providers (Dkt. 9-2, p.2.)

However, subsequent to Allstate presenting Eckart with the Agreement, Allstate discovered that her medical charges, on which Allstate's claim valuation was based, had been significantly reduced, on account of a downward adjustment to the emergency room bill. (Dkt. 16, pp. 5–6; Dkt. 9-3, p. 2.) Accordingly, Allstate communicated to Eckart that the original $16,378.00 value of her claim would be reduced to $3,782.00 to account for a $12,595.50 downward adjustment to the emergency room bill:

> Thanks for sending. I reviewed the ER bill from Cartersville Medical Center, the total amount of the bill was $13,995.00 and there was an adjustment of $12,595.50 which brought the total balance of that bill to $1,399.50. We will cover the balance due so the bodily injury check that I am going to send will total $3,782.50. $1,399.50 for the remaining balance of the ER bill from Cartersville Medical Center. $1,528.00 for the ER physician bill from Mount Lassen ER Physicians. $295.00 for the radiology bill from Summit Radiology Services. $30.00 for the prescriptions that you paid for out of pocket. $280.00 for the time missed from work. $250.00 for personal compensation.

(*Id.*) Of note is that the amount Eckart was personally to receive—a total of $560.00 for out-of-pocket prescription costs, lost wages, and personal compensation—remained unchanged. (*Compare* Dkt. 9-3, p. 2, *with* Dkt. 9-2, p. 2; *see also* Dkt. 16, pp. 5–6.) When Allstate mailed the reduced settlement check as outlined above,

Eckart returned the check, purporting to decline the settlement and expressing her intent to rescind the Agreement. (Dkt. 1, ¶¶ 19, 26, 71.)

Despite the fact that the reduced payment was simply the result of an adjusted medical bill, and despite the fact that the specific amount that was promised, and paid, to her personally has ***never*** changed, Eckart proceeded to sue Allstate—***twice.*** (*Supra* at 2.) Moreover, although she has never asserted a claim for breach of contract, instead electing to rescind, Eckart pursued an award of "special damages in an amount to fully compensate her for all of the damages she sustained in the subject motor vehicle accident[.]" (Dkt. 1, ¶ 65.) And in both actions, Eckart set forth unsubstantiated allegations of fraud, conspiracy, and racketeering, all in contravention of Georgia's direct action bar. (Dkt. 8-1, p. 6.)

The District Court agreed with Allstate that Eckart's case was an impermissible direct action because Eckart had no judgment against the driver, no statutory exception applied, and the policy did not authorize third parties to sue the insurer. (Dkt. 16, pp. 9–11.) The District Court also agreed with Allstate that Eckart's fraud and rescission claims were not adequately pled under Rule 9 because she offered no facts in support of her conclusory statement that Allstate "never intended to pay the contracted amount or that she justifiably relied on the misrepresentation." (*Id.*, p. 16.) And although Eckart does not challenge the District Court's findings as to her state and Federal RICO claims, the District Court again

agreed with Allstate that those claims were not adequately pled, not only for their

failure to comply with Rule 9, but also for failure to allege the existence of a RICO

enterprise or a pattern of racketeering. (*Id.*, p. 15.)

## SUMMARY OF THE ARGUMENT

The District Court's Order was correct for two separate reasons, either of which, standing alone, demands an affirmance.

First, given that there is no unsatisfied judgment against Allstate's insured and no applicable statute or policy provision otherwise permitting such an action, this case is an impermissible direct action against a liability insurer by a third-party claimant that is subject to Georgia's direct action bar. Eckart's attempt to avoid the direct action bar by alleging standing based on her alleged "privity of contract" with Allstate misses the mark entirely because Eckart is not seeking to enforce that Agreement; rather, she seeks an award for full compensation for "the damages she sustained in the subject motor vehicle accident," the exact relief that is not authorized under the direct action bar. Indeed, Eckart has already elected to repudiate that very Agreement, and by doing so, Eckart is foreclosed from claiming standing on the basis of a contract she contends was never formed. As a third-party claimant, Eckart's election of remedies extinguishes any basis on which to pursue a direct action against a liability insurer in the absence of an unsatisfied judgment against Allstate's insured.

Second, the record belies any argument that the District Court applied the wrong standard in granting Allstate's Motion to Dismiss. The District Court correctly treated Allstate's Motion to Dismiss *as* a motion to dismiss by finding that

Eckart's Complaint—based entirely on fraud—did not comply with Rule 9. Under the longstanding incorporation by reference doctrine, the consideration of documents central to a complaint does not convert a motion to dismiss into one for summary judgment and, thus, does not convert the standard. Further, where such central, but omitted, documents contradict the general and conclusory allegations of a pleading, the documents govern. As such, the District Court properly considered exhibits to Allstate's Motion to Dismiss to determine whether Eckart's Complaint met the heightened pleading standard under Rule 9, and ultimately found that because documents central to Eckart's claim and incorporated by reference in her Complaint contradicted her conclusory allegations, Rule 9 was not satisfied. Simply calling Allstate's Motion to Dismiss a motion for summary judgment does not make it one.

## **ARGUMENT**

### I.    THE DISTRICT COURT PROPERLY DETERMINED THAT ECKART LACKED STANDING TO BRING A DIRECT ACTION AGAINST ALLSTATE.

The District Court correctly found that Eckart, as a stranger to the insurance contract between Allstate and its insured, lacked standing to maintain a direct action against Allstate. As Eckart concedes, the general rule in Georgia is that "a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy." *McGill Am.*

*Trucking and Trans., Ins. Co.*, 77 F. Supp. 3d 1261, 1264–65 (N.D. Ga. 2015)

(quoting *Hartford Ins. Co. v. Henderson & Son, Inc.*, 371 S.E.2d 401 (Ga. 1988)).

The District Court found that all of Eckart's claims sought compensation for the car accident, noting that even though her case was based in fraud and racketeering, such claims were "merely 'dressed up' claims for compensatory damages for the automobile accident at issue." (Dkt. 16, p. 10.) The District Court found that it was "undisputed that [Eckart] has not secured a judgment against … [Allstate]'s insured." (Dkt. 16, p. 9.) The District Court further found that it was "also undisputed that none of the statutory exceptions apply and that the insurance policy at issue does not authorize third parties to file direct actions against the insurer." (*Id.*) Accordingly, the District Court found:

> In sum, because Plaintiff has not obtained a judgment from Ballew (the insured) and seeks compensatory damages to make herself whole from the accident, Plaintiff does not have standing to bring this direct action against Defendant.

(*Id.*, p. 11.)

In the face of the District Court's straightforward application of Georgia's direct action bar, Eckart is attempting to manufacture standing by asking this Court to evaluate her case, for the first time, as a breach of contract case. (Appellant Brief, p. 20.) But Eckart has never pled breach of contract. *Supra* at 3. Rather, as the District Court found and plainly demanded by Eckart in her Complaint, she "seeks compensatory damages to make herself whole from the accident." (Dkt. 16, p. 11;

Dkt. 1, ¶ 64.) Such relief is, of course, precluded by the direct action bar. *Hartford*, 371 S.E.2d at 401.

In addition to the fact that Eckart has never pled breach of contract, ***she elected to rescind and repudiate*** the Agreement well before ever filing suit. (Dkt. 1, ¶ 71.) Eckart's rescission of the Agreement and attempt to use the voided Agreement to establish privity between Allstate and herself to recover for an automobile accident involving Allstate's insured is untenable. "In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." *Giacomantonio v. Romagnoli*, 701 S.E.2d 510, 515 (Ga. Ct. App. 2010). Eckart cannot change course now that her fraud claims have been dismissed. She elected a remedy and must stand by it.

In truth, this action is indistinguishable from the action presented in this Court's decision in *Tiller v. State Farm Mutual Automobile Insurance Company*, 549 Fed. App'x 849 (11th Cir. 2013) (per curiam). In *Tiller*, the plaintiffs, who were involved in automobile accidents with State Farm policyholders in Georgia, alleged that State Farm underpaid them for their claims. *Id.* at 851. The plaintiffs not only sought compensatory and punitive damages, but also injunctive and declaratory relief based on claims of underpayment, fraud, unjust enrichment, and breach of the covenant of good faith and fair dealing. *Id.* On appeal from the district court's

dismissal of the plaintiffs' claims, this Court found that the plaintiffs lacked standing to sue, citing the general rule in Georgia barring direct actions against insurers by third-party liability claimants in the absence of an unsatisfied judgment against the insured. *Id.* at 853–54. Because it was undisputed that the plaintiffs had not secured judgments against the at-fault drivers and the Court determined that none of the statutory exceptions to the general rule prohibiting direct actions applied,[2] the Court held that the plaintiffs lacked standing to sue the insurer directly. *Id.* at 853–54.

Just as the *Tiller* plaintiffs lacked standing to sue, so too does Eckart. It is undisputed that neither of the two statutory exceptions to the direct action bar applies and, further, Eckart does not allege anything in the specific language of the insurance policy that would permit such an action. As such, under Georgia law, the only other manner in which Eckart would have standing to sue Allstate directly is if there were an unsatisfied judgment against Allstate's insured. It is undisputed that there is no such judgment. In the absence of the application of the policy provisions, statutory exceptions, or a judgment against Allstate's insured, Eckart's efforts to bring a direct action against Allstate as a third-party claimant fail as a matter of law. The District Court properly dismissed Eckart's direct action against Allstate on this basis.

---

[2] *See* O.C.G.A. §§ 46-7-12(e), 20-2-1092, *et seq.* (permitting direct actions against common carriers' insurers and in accidents involving county school buses, respectively).

## II. THE DISTRICT COURT APPLIED THE CORRECT STANDARD IN DISMISSING ECKART'S COMPLAINT WITH PREJUDICE.

Eckart strains to characterize the District Court's dismissal of her Complaint as improper by attempting to muddy the waters between the District Court's consideration of documents central to her claims under the incorporation by reference doctrine and a purported "evidentiary analysis" or weighing of the evidence. Eckart's argument, though, is premised on her contention that the allegations in her Complaint were well pleaded and sufficient in the first instance. The District Court found that they were not. And it did so using the correct standard.

### A. The District Court Properly Considered the Exhibits Attached to Allstate's Motion to Dismiss.

As a preliminary matter, the District Court's consideration of documents attached to Allstate's Motion to Dismiss that were central to the claims asserted in Eckart's Complaint was proper. The longstanding rule is that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam). Moreover, "[a] document is central to a complaint when it is a 'necessary part of [the plaintiff's] effort to make

out a claim.'" *Basson v. Mortgage Elec. Registration Sys., Inc.*, 741 Fed. App'x 770, 771 (11th Cir. 2018) (per curiam) (quoting *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Thus, as the District Court found that the exhibits were referred to in Eckart's Complaint, were undisputedly authentic, and were central to Eckart's claims (Dkt. 16, pp. 2–3), the District Court's consideration of the exhibits attached to Allstate's Motion to Dismiss was entirely permissible. *See Oyedeji v. Landmark at Bella Vista, L.P.*, 521 F. Supp. 3d 1304, 1307 n.2 (N.D. Ga. 2021) (considering a copy of an email attached to a motion to dismiss without converting the motion to one for summary judgment where the email was referenced in the complaint, central to a claim, and where its contents were not in dispute).

## B. The District Court Correctly Found That Eckart's Complaint Failed to State Claims for Relief and Instead Contained Mere General or Conclusory Allegations.

While Eckart attempts to depict the District Court's Order as "weighing evidence," that depiction is erroneous. Rather, the District Court properly evaluated Eckart's Complaint under the heightened pleading standard of Rule 9, finding that Eckart's conclusory allegations were insufficient to survive a Rule 12(b)(6) challenge.

"Under Rule 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" *Pepper v. Prime Rate Premium Finance*

*Corp.*, No. 1:17-cv-03871-MLB, 2019 WL 6272874, at *2 (N.D. Ga. Nov. 25, 2019)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955 (2007)).

Moreover, "the court need not accept as true any legal conclusions couched as

factual allegations." *Id.* And "[t]he court's 'duty to accept the facts in the complaint

as true does not require [the court] to ignore specific factual details of the pleading

in favor of general or conclusory allegations.'" *Id.* (alterations in original) (quoting

*Griffin Indus., Inc. v. Irwin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007)). Further,

analogous to exhibits attached to a complaint, where central, but omitted, documents

contradict the general and conclusory allegations of the pleading, the documents

govern. *See id.*

For claims, like Eckart's, based in fraud, Rule 9(b) requires a party alleging

fraud to "state with particularity the circumstances constituting fraud." To meet this

pleading standard, "a plaintiff must allege: (1) the precise statements, documents, or

misrepresentations made; (2) the time, place, and person responsible for the

statement; (3) the content and manner in which these statements misled the

[plaintiff]; and (4) what the defendants gained by the alleged fraud." *Am. Dental

Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quotations omitted).

This heightened pleading requirement serves an important purpose: to "provide the

defendants with sufficient notice of the acts of which plaintiff complains to enable

them to frame a response, prevent fishing expeditions to uncover imagined wrongs,

and protect defendants from unfounded accusations of immoral and otherwise wrongful conduct." *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 198 F.R.D. 560, 562 (N.D. Ga. 2000), *aff'd*, 290 F.3d 1301 (11th Cir. 2002).

Eckart ignores that her claims were not well pleaded under the heightened pleading standard in the first instance, as her allegations were conclusory and merely recited the elements of the claims. "[U]nwarranted factual deductions … will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). The District Court was not required to accept legal conclusions disguised as fact or to accept conclusory allegations as true in the first instance. The fact that those allegations were also based on "unwarranted factual deductions" plainly contradicted by documents referred to in the Complaint and central to Eckart's claims further demonstrated that dismissal for failure to meet the heightened pleading standard was appropriate. *See Pepper*, 2019 WL 6272874 at \*2; *Griffin Indus., Inc.*, 496 F.3d at 1206; *Hays*, 92 F. Supp. 3d at 1322 n.47.

Specifically, the District Court found that Eckart's Complaint alleges the *elements* for fraudulent inducement. (Dkt. 16, p. 16.) What Eckart **failed to** allege, according to the District Court, were "facts in support of the statement that [Allstate] never intended to pay the contracted amount or that she justifiably relied on the misrepresentation." (*Id.*) And "[w]ithout more, these are conclusory assertions that the Court is not required to accept as true." (*Id.*) Essentially, the District Court

determined that her claims as pleaded could not "survive a motion to dismiss, especially where a claim must be pled with particularity." (*Id.*)

After determining that Eckart's claims were not well pleaded in the first instance given that she failed to allege facts in support of her assertions, the District Court went on to note that her assertions were in fact, contradicted by authentic documents referred to in Eckart's Complaint and central to her claims. (*Id.*) The Court did not "weigh" any evidence. The District Court's reference to the exhibit—wherein Allstate explained the breakdown of the payment—was dicta, intended to highlight the complete lack of factual support in Eckart's Complaint for the conclusory assertion that Allstate's intent was fraudulent.

And Eckart's pleas for the Court to make, for all intents and purposes, ***inferences of Allstate's fraudulent intent*** find no support in the law, which is just the opposite. *Iqbal*, 556 U.S. at 678-79 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Just as the District Court is not required to take conclusory allegations as true, it is not required to make "unwarranted factual deductions." *Pepper*, 2019 WL 6272874 at *2; *Davila*, 326 F.3d at 1185.

The fact of the matter is that Eckart's allegations were *not* well pleaded. They failed to allege fraud with specificity as required by Rule 9(b) and, additionally, were

conclusory and contradicted by the very written communications on which Eckart's

claims for fraud were based. In noting these fatal deficiencies, the District Court did

not weigh evidence any more than it applied the incorrect standard.

## **CONCLUSION**

For the reasons articulated herein, the Court should affirm the District Court's

dismissal of Appellant's Complaint with prejudice.

Respectfully submitted, this 14th day of June 2023.

CARLTON FIELDS, P.A.

*/s/ Roben S. West*
Christopher B. Freeman
Georgia Bar No. 140867
Jason A. Morris
Georgia Bar No. 608298
Roben S. West
Georgia Bar No. 464795
One Atlantic Center, Suite 3000
1201 West Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone: (404) 815-3400
cfreeman@carltonfields.com
jmorris@carltonfields.com
rwest@carltonfields.com

*Counsel for Appellee Allstate Northbrook*
*Indemnity Company*

**CERTIFICATE OF COMPLIANCE**

The undersigned attorney hereby certifies that this Brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2)(A)(i) because this document contains 3,906 words, excluding the parts exempted by Fed. R. App. P. 32(f) and Eleventh Circuit Rule 32-4. The undersigned attorney also certifies that this Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word with Times New Roman 14-point font.

*/s/ Roben S. West*
Roben S. West
Georgia Bar No. 464795

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system, including to the following counsel of record:

Robert W. Lamb
Perrotta, Lamb & Johnson, LLC
222 E. Main St.
Cartersville, Georgia 30120

*Counsel for Appellant Ana Eckart*

This 14th day of June, 2023.

*/s/ Roben S. West*
Roben S. West
Georgia Bar No. 464795